# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**AVERY GREENE, PHOEBE CLACHER,** and **SOPHIA CHEN,**

    Plaintiffs,

v.

**HOMES BREWERY, LLC,**

    Defendant.

Case Number:    cv
District Judge:
Magistrate Judge:

---

**MILLER COHEN P.L.C.**
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Kathleen R. Kosman (P77621)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kkosman@millercohen.com
jporcarelli@millercohen.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action in this Honorable Court arising out of the transactions or occurrences alleged in this Compliant.

    /s/Kathleen R. Kosman
    Kathleen R. Kosman

**NOW COME PLANTIFFS AVERY GREENE, PHOEBE CLACHER,** and **SOPHIA CHEN,** on behalf of themselves and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN P.L.C.,** and for their complaint against Defendant, **HOMES BREWING LLC,** state as follows:

## INTRODUCTION

This is a civil action brought on behalf of individuals who are or were employed by Defendant HOMES Brewing LLC (referred to as HOMES), as Servers and Bartenders. In violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., Defendant engages in illegal use of a tip credit and tip-pooling depriving Plaintiffs and similarly situated employees, known and unknown, of fair compensation for their labor.

Defendant has a policy of taking a tip credit and paying their servers and bartenders less than minimum wage. Defendant failed to comply with the FLSA by not providing notice of the tip credit to their employees and by engaging in tip-pooling practices that invalidate the use of the tip credit. Defendant pools the tips of the servers and bartenders. The tips are distributed among the servers, bartenders, line cooks, chefs, beer canners, brewers, and managers. It is not clear precisely how the tips are distributed in terms of percentages.

This scheme violates FLSA in several ways. First, Defendant provides no written notice to their employees that they use a tip credit; they simply pay their employees an hourly cash wage less than the minimum hourly wage without explaining that their tips are meant to cover the difference. Second, employees who do not customarily or regularly receive tips, including managers, take from the tip pool. Finally, the contribution amounts are not customary or reasonable as more than half of the servers and bartenders' tips are contributed to the pool.

Therefore, Plaintiffs now bring this FLSA collective action on behalf of a class of similarly situated individuals, known and unknown, who were employed by Defendant as servers and bartenders. They seek all available remedies under the law.

## PARTIES

1. Plaintiff Avery Greene is a resident of Ann Arbor, Michigan, who was hired by Defendant as a Server in August of 2021. He worked as a Server for about a year, and then was promoted to Bartender. He then worked as a Bartender until he was terminated in May of 2024.

2. Plaintiff Phoebe Clacher is a resident of Chelsea, Michigan, who was hired by Defendant as a Server in August of 2022. She worked as a Server for about four months, until she resigned in December of 2022.

3. Plaintiff Sophia Chen is a resident of Ann Arbor, Michigan, who was hired by Defendant as a Server in January of 2022. She worked as a Server for about five months, until she resigned in May of 2022.

4. Defendant HOMES Brewery LLC is a company with its registered business address in Ann Arbor, Michigan.

5. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action, who are or were employed by Defendant as Servers or Bartenders and who are or were subject to illegal use of a tip credit and tip pooling under the Fair Labor Standards Act ("FLSA") and Michigan Workforce Opportunity Wage Act ("MWOWA").

6. Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs bring their claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

8. Venue is proper in this Court because Defendant obligated itself to the Plaintiffs within Michigan, Defendant's registered address is located within the Eastern District of Michigan, and Plaintiffs reside within the Eastern District of Michigan.

## STATEMENT OF FACTS

9. HOMES Brewery, LLC is a brewery with two physical locations in Ann Arbor, Michigan.

10. Defendant employed Plaintiffs and similarly situated employees, known and unknown, as servers and bartenders.

11. Plaintiffs and similarly situated employees, known and unknown, had their income reported on a W-2 and paid through payroll.

12. Defendant pays their Servers and Bartenders using a tip credit, meaning that the Servers and Bartenders are paid at an hourly cash rate less than the minimum hourly wage but supplement their incomes with tips covering the difference.

13. Under the FLSA, the minimum cash wage for "tipped employees" is $2.13 per hour, and under the MWOWA, the minimum cash wage for "employees receiving a gratuity" is 38% of the minimum hourly wage rate established by the Act.

14. The maximum allowable tip credit is the difference between the minimum cash wage and the minimum hourly wage.

15. The FLSA and MWOWA list procedural requirements that employers must follow in order to properly use the tip credit.

16. Defendant does not follow the procedural requirements in the FLSA and MWOWA to use the tip credit.

17. Therefore, Defendant's use of the tip credit is invalid.

18. Defendant provides no notice to their employees that they use a tip credit.

19. Defendant does not have any written employment policies stating that they use a tip credit.

20. Defendant does not have any notice postings of any kind anywhere notifying employees that they use a tip credit.

21. Defendant also uses a tip pool, meaning that the Servers' and Bartenders' tips are shared among a pool of employees.

22. Defendant includes Servers, Bartenders, Line Cooks, Chefs, Canners, Brewers, and Managers in the tip pool.

23. Only the tips received by the Servers and the Bartenders are shared among the members of the tip-pool.

24. It is not known how Defendant divides the tip pool between the employees.

25. The Line Cooks, who receive a share of the tips, do not interact with the customers and work only in the kitchen.

26. The Canners do not interact with customers and only package the beer produced by Defendant.

27. The Managers have the ability to hire and fire staff.

28. Upon information and belief, Defendant followed, and continues to follow, the practices described above.

29. Plaintiff Avery Greene was hired by Defendant as a Server in August of 2021. He worked as a Server for about a year, and then was promoted to Bartender. He then worked as a Bartender until he was terminated in May of 2024. Throughout his employment, he was subjected to the tip credit and tip-pooling practices described above.

30. Plaintiff Phoebe Clacher was hired by Defendant as a Server in August of 2022. She worked as a Server for about four months, until she resigned in December of 2022. Throughout her employment, she was subjected to the tip credit and tip-pooling practices described above.

31. Plaintiff Sophia Chen was hired by Defendant as a Server in January of 2022. She worked as a Server for about five months, until she resigned in May of 2022. Throughout her employment, she was subjected to the tip credit and tip-pooling practices described above.

32. Defendant subjects all Servers and Bartenders at both locations to the tip credit and tip-pooling practices described above.

33. Defendant failed and continues to fail to adhere to the requirements for using tip credits and tip-pooling, resulting in Plaintiffs and similarly situated

employees, known and unknown, being unfairly and illegally compensated for their labor under the FLSA.

## CLASS AND COLLECTIVE ACTION

34. Plaintiffs incorporate by reference all preceding paragraphs.

35. Count I is brought as collective actions under the FLSA 29 U.S.C. §216(b).

36. A copy of Plaintiff's consent to bring their claims for invalid use of a tip credit and tip-pooling under the FLSA as a representative action is attached hereto as ***Exhibit A.***

37. Count II is brought as a class action under MWOWA.

38. The representatives and those similarly situated have been equally affected by Defendant's invalid use of tip credit and tip-pooling.

39. Furthermore, those class members still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

40. The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

41. The representatives, those similarly situated, and Defendant have a commonality of interest in the subject matter and remedies sought.

42. A collective action is appropriate because the Plaintiffs are "similarly situated."

43. The class of individuals on behalf of whom the named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs by Defendant; all individuals were or are subject to the same or similar unlawful practices, policies, or plans as the individually named Plaintiffs; and their claims are based upon the same legal theory as those of the named Plaintiffs.

44. Defendant pays or paid Plaintiffs, and upon information and belief, other members of the class, using an invalid tip credit.

45. Defendant pays or paid Plaintiffs, and upon information and belief, other members of the class, using invalid tip-pooling practices.

46. A class action is appropriate because Plaintiffs meet the requirements of M.C.R. §3.501 (A).

47. The precise number of individuals in the class is known only to the Defendant, but the class is believed to include over 50 individuals. Joinder of all class members is impracticable.

48. There are questions of law and fact common to the class. The common questions include but are not limited to:

    a. Whether Defendant provides notice to their employees that they use a tip credit;

    b. Whether Defendant's tip-pool pays employees who do not customarily or regularly receive tips, including managers;

    c. Whether the contribution amounts of the Servers and Bartenders are customary or reasonable as more than half of their tips are contributed to the pool; and

    d. Whether Plaintiffs are entitled to actual or liquidated damages and the other requested relief.

49. Plaintiffs' claims are typical of the class they seek to represent. Plaintiffs and the class work or have worked for HOMES and have been subjected to a pattern or practice of invalid use of a tip credit and tip-pooling. Defendant acted and refused to act on grounds generally applicable to the class, which makes declaratory relief with respect to the class appropriate. These typical, common claims predominate over any questions affecting only individual class members.

50. The representatives are able to fairly and adequately represent and protect the interests of those similarly situated. The named Plaintiffs have the same interest as do the other members of the class and they will vigorously prosecute these interests on behalf of the class.

51. Plaintiffs' counsel is competent and experienced in complex class action employment litigation. Plaintiffs' counsel has handled numerous actions in federal courts, including collective actions under the FLSA.

52. If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to those similarly situated, Defendant, and the resources of the Court.

53. A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

54. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance. The relative damages suffered by individual members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent

judgements about Defendant's actions. It is desirable that the claims be heard in this forum since Defendant is subject to the Court's jurisdiction, and the actions giving rise to claim occurred in this district.

55. A class action can be managed without undue difficulty because Defendant has regularly committed the violations of which the Plaintiffs complain and Defendant is required to maintain detailed records concerning each class member.

### COUNT I VIOLATION OF THE FAIR LABOR STANDARDS ACT
### COLLECTIVE ACTION
### Invalid Use of Tip Credit and Tip-Pooling

56. Plaintiffs incorporate by reference all preceding paragraphs.

57. At all times relevant to this action, Plaintiffs and all similarly situated persons, known or unknown, were employees of Defendant within the meaning of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §201, *et seq*.

58. At all times relevant to this action, Defendant was the employer of Plaintiffs and all similarly situated persons, known or unknown, within the meaning of the FLSA, 29 U.S.C. §201, *et seq*.

59. Defendant knowingly, intentionally, and willfully failed to meet the requirements for use of a tip credit under the FLSA, 29 U.S.C. §203(m).

60. In violation of the FLSA, 29 U.S.C. §203(m)(2), Defendant fails to provide notice to Plaintiffs and all similarly situated persons, known or unknown, that

they use a tip credit, allowing them to pay tipped workers less than the minimum hourly wage.

61. Defendant knowingly, intentionally, and willfully failed to comply with the FLSA, 29 U.S.C. §203(m)(2), in its tip-pooling practices.

62. In violation of the FLSA and its regulations, §203(m)(2); 29 C.F.R. §531.51; 29 C.F.R. §531.54; 29 C.F.R. §531.59, Defendant:

    a. Pays employees who do not customarily or regularly receive tips, including managers, tips from Plaintiffs and similarly situated employees, known and unknown, as part of the tip-pool; and

    b. Force Plaintiffs and similarly situated employees, known and unknown, to make contribution amounts to the tip-pool that are not customary or reasonable as all tips are contributed to the pool.

63. Defendant knowingly, intentionally, and willfully failed to pay Plaintiffs properly under the FLSA provisions for tip credits and tip-pooling.

64. Defendant had a pattern and practice of failing to properly follow the FLSA provisions for tip credits and tip-pooling for all of its Servers and Bartenders, as evidenced by the experiences of the named Plaintiffs and opt-ins.

65. Defendant's conduct invalidated their use of the tip credit, entitling Plaintiffs and similarly situated employees, known and unknown, to damages.

WHEREFORE, Plaintiffs and similarly situated employees, known and unknown, are entitled to an award of damages including but not limited to back pay for the difference between the minimum hourly wage and the hourly cash wages actually paid, restitution for all tips illegally retained through the invalid tip-pool, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

### COUNT II VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT CLASS ACTION

### Invalid Use of Tip Credit and Tip-Pooling

66. Plaintiffs incorporate by reference all preceding paragraphs.

67. At all times relevant to this action, Plaintiffs and all members of the class were employees of Defendant within the meaning of the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §§408.411, *et seq.*

68. At all times relevant to this action, Defendant was the employer of the Plaintiffs and all members of the class within the meaning of MWOWA . §§408.411, *et seq.*

69. Defendant knowingly, intentionally, and willfully failed to meet the requirements for use of a tip credit under the MWOWA, M.C.L. §408.414d.

70. In violation of the MWOWA, M.C.L. §408.414d, Defendant fails to provide notice to Plaintiffs and all members of the class that they use a tip credit, allowing them to pay tipped workers less than the minimum hourly wage.

71. Upon information and belief, in violation of the MWOWA, M.C.L. §408.414d, Defendant fails to pay the difference between the Plaintiffs' and all members of the class' hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference.

72. Defendant knowingly, intentionally, and willfully failed to comply with the MWOWA, M.C.L. §408.414d in its tip-pooling practices.

73. In violation of the MWOWA, M.C.L. §408.414d, Defendant:

   a. Pay employees who do not customarily or regularly receive tips, including managers, tips from Plaintiffs and similarly situated employees, known and unknown, as part of the tip-pool;

   b. Force Plaintiffs and members of the class to make contribution amounts to the tip-pool that are not customary or reasonable as more than half of their tips are contributed to the pool; and

   c. Upon information and belief, fail to pay the difference between the Plaintiffs; and members of the class' hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference after making deductions for the tip-pool.

15

74. Defendant knowingly, intentionally, and willfully failed to pay Plaintiffs properly under the MWOWA provisions for tip credits.

75. Defendant has a pattern and practice of failing to properly follow the MWOWA provisions for tip credits for all its Servers and Bartenders, as evidenced by the experiences of the named Plaintiffs and class members.

76. Defendant's conduct invalidated their use of the tip credit, entitling Plaintiffs and members of the class to damages.

WHEREFORE, Plaintiffs and members of the class are entitled to an award of damages including but not limited to back pay for the difference between the minimum hourly wage and the cash hourly wages actually paid, restitution for all tips illegally retained through the invalid tip-pool, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs **AVERY GREENE, PHOEBE CLACHER,** and **SOPHIA CHEN,** and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as Servers or

Bartenders who were subjected to impermissible tip credit and tip-pooling practices, to opt-in to this action, pursuant to §216(b) of the FLSA;

b. Certification of a class action for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as Servers or Bartenders who were subjected to impermissible tip credit and tip-pooling practices pursuant to MCR 3.501;

c. Back pay for the difference between the minimum hourly wage under the FLSA and MWOWA, and the hourly cash wages actually paid;

d. Restitution for all tips illegally retained through the invalid tip-pool;

e. Liquidated and multiple damages as allowed by law, including double damages under the FLSA and MWOWA;

f. Compensatory damages and punitive damages;

g. An injunction prohibiting Defendant from further violations of the law as described here;

h. Post-judgment assignment of attorneys' fees, costs, and interests; and

[THIS SPACE INTENTIONALLY LEFT BLANK]

    i.  Any other relief to which Plaintiffs may be entitled.

                        Respectfully submitted,

                        **MILLER COHEN, P.L.C.**

<u>By</u>:*/s/Kathleen R. Kosman*
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Kathleen R. Kosman (P77621)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kkosman@millercohen.com
jporcarelli@millercohen.com

Date:  October 25, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AVERY GREENE, PHOEBE CLACHER,** and **SOPHIA CHEN,**

    Plaintiffs,

v.

**HOMES BREWERY, LLC,**

    Defendant.

Case Number:    cv
District Judge:
Magistrate Judge:

---

**MILLER COHEN P.L.C.**

Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Kathleen R. Kosman (P77621)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
kkosman@millercohen.com
jporcarelli@millercohen.com

---

**DEMAND FOR TRIAL BY JURY**

**NOW COME** Plaintiffs, **AVERY GREENE, PHOEBE CLACHER,** and **SOPHIA CHEN,** on behalf of themselves and all similarly situated persons, known

19

or unknown, by and through their attorneys, **MILLER COHEN P.L.C.,** and hereby demand for a trial by jury, for all issues so triable.

                                    Respectfully submitted,

                                  **MILLER COHEN, P.L.C.**

                                  <u>By</u>:*/s/Kathleen R. Kosman*
                                  Bruce A. Miller (P17746)
                                  Keith D. Flynn (P74192)
                                  Kathleen R. Kosman (P77621)
                                  Jacob S. Porcarelli (P87351)
                                  *Attorneys for Plaintiff*
                                  7700 Second Avenue, Suite 335
                                  Detroit, MI 48202
                                  (313) 964-4454 Phone
                                  (313) 964-4490 Fax
                                  kflynn@millercohen.com
                                  kkosman@millercohen.com
                                  0jporcarelli@millercohen.com

Date: October 25, 2024